IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| ZHAILOOBEK YSMAIYL UULU,  §<br>§<br>*Petitioner*,  §<br>§<br>v.  §<br>§<br>§ CIVIL ACTION NO. 9:25-CV-00360<br>BRET BRADFORD, in his official capacity as  § JUDGE MICHAEL J. TRUNCALE<br>Field Office Director of ICE Enforcement and  §<br>Removal Operations Houston Field Office; and  §<br>KRISTI NOEM, in her official capacity as  §<br>Secretary of the Department of Homeland  §<br>Security,  §<br>§<br>*Respondents*.  § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Zhailoobek Ysmaiyl Uulu (Uulu)'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner Zhailoobek Ysmaiyl Uulu is a Kyrgyzstani national. [Dkt. 1 at ¶ 2]. Uulu entered the United States in February 2023 and was granted immigration parole upon entry. *Id.* at ¶¶ 2–3. However, his parole expired in February 2024. *Id.* at ¶ 3. On September 11, 2025, United States Immigration and Customs Enforcement (ICE) detained Uulu. *Id.*

On December 30, 2025, Uulu brought a habeas corpus petition. [Dkt. 1]. He claims that his detention violates the Immigration and Naturalization Act (INA)[1] and the Fifth Amendment to the United States Constitution. *Id.*

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal

---

[1] 8 U.S.C. § 1101 et seq.

1

basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

#### A. INA

Uulu first claims to be unlawfully detained under 8 U.S.C. § 1225(b)(2)(A), which provides for the mandatory detention of "applicants for admission" who are not deemed "clearly and beyond a doubt entitled to be admitted." *See* 8 U.S.C. § 1225(b)(2)(A). According to Uulu, aliens who, like him, "entered [the United States] without inspection years ago," are not "applicants for admission" under section 1225(b)(2)(A). [Dkt. 4 at ¶¶ 32–33]. Instead, Uulu argues that 8 U.S.C. § 1226(a) applies to cases like his. Under section 1226(a), an alien "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). The Attorney General has discretion to release or "continue to detain" aliens detained pursuant to section 1226(a). *See id.* § 1226(a)(1)–(2).

Even if Uulu is correct, and section 1225(b) is inapplicable, section 1226(a) nonetheless permits his continued detention during removal proceedings. *See id.* Section 1226(a) provides that "an alien may be arrested and detained" pending removal proceedings. § 1226(a). The Attorney General "may continue to detain the alien" or decide to release the alien on custody-redetermination. § 1226(a)(1)–(2). Section 1226(a) mentions nothing about custody redeterminations by immigration judges. *See id.* Here, the Attorney General, using her discretion under section 1226(a), has chosen to detain Uulu pending his removal proceedings. Hence, Uulu is lawfully detained under the INA, whether or not he receives a custody-redetermination hearing. *See id.*

The equation does not change merely because Uulu was granted parole upon entering the United States. By Uulu's own admission, his parole expired in February 2024, over a year before ICE took him into custody. [Dkt. 1 at ¶ 3]. Accordingly, Uulu's grant of parole does not preclude him from being detained pending removal proceedings.

## 2. Due Process

Uulu also argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. [Dkt. 1 at 20]. Even if Uulu is correct, he still is not entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Uulu's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1 at 20–21]. Uulu's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Uulu's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[2] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Uulu's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Uulu's release from custody, his failure to receive one does

---

[2] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Uulu's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Uulu to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

## IV. CONCLUSION

It is therefore **ORDERED** that Uulu's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 6th day of March, 2026.**

Michael J. Truncale
United States District Judge